Avraham Zvi Cutler
Ballon Stoll Bader & Nadler
729 7th Ave., 17th Fl.
New York, NY 10019
State Bar No. 028441
Fax: 212-764-5060
avicutler@gmail.com
Tel: 718-578-7711

*Attorney for Plaintiff Evelyn Dang*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Evelyn Dang, | ) No.: _ <br> ) <br> ) **COMPLAINT** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Plaintiff, | |
| vs. | |
| Alltran Financial, LP | |
| Defendant | |

Plaintiff Evelyn Dang ("Plaintiff") by and through her attorneys, Ballon Stoll Bader & Nadler, P.C. as and for her Complaint against Defendant Alltran Financial, LP, ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*, commonly known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

4. Plaintiff is a resident of the State of Arizona, County of Maricopa, residing at 9248 West Ironwood Drive, Peoria, AZ 85345.

5. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address at 3040 N. Campbell Ave. #100, Tucson, AZ 85719.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

8. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. The reporting of a debt to a credit reporting agency by a debt collector is a communication covered by the FDCPA.

10. On or around August 29, 2016 Plaintiff received an initial collection letter from Defendant for an Alleged Debt currently owned by LVNV Funding LLC ("LVNV"). The debt had been sold to LVNV from the original creditor Credit One Bank N.A ("Credit One").

11. The collection letter's first paragraph states the following:

> "Your Credit One Bank N.A. account has been purchased by LVNV Funding LLC and assigned to Alltran Financial, LP for collection as a pre-legal account.  A pre-legal account is one that has been identified and sent to us by our creditor client as an account eligible for legal review.  If our collection efforts fail, our creditor client will consider forwarding your account to an attorney's office for potential legal action."

12. The Defendant's final paragraph contains the required "G Notice" advising the consumer of her right to dispute the validity of the Alleged Debt.

13. The first paragraph of Defendant's letter is threatening and overshadows the consumer's right to have 30 days to dispute the Alleged Debt.  In reading the threatening legal language of the first paragraph, the least sophisticated consumer would believe that she must settle the debt immediately in order to avoid being sued by the Defendant.

14. The use of the term pre-legal gives a false sense of urgency, when in reality it is on a the same collection track as any debt. There is no guarantee it will ever be sued upon, or even truly eligible to be sued upon.

15. This threat of legal action by Defendant is misleading and deceptive and prohibited by multiple provisions of the FDCPA.

16. As a result of Defendant's improper debt collection practices described above, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
**(Violations of the FDCPA)**

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

18. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e(2), 1692e(10), 1692e(8), and 1692f.

19. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

    a)    For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

4

b)    For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)    For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d)    A declaration that the Defendant's practices violated the FDCPA; and

e)    For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

DATED, this 22nd day of December, 2016

                s/Avraham Cutler
Avraham Zvi Cutler
**Ballon Stoll Bader & Nadler**
*Attorneys for Plaintiff Tanisha Martinez*